UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DWAYNE F.,

        Plaintiff,                     **DECISION AND ORDER**

    v.

                                            6:21-cv-6583-EAW

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

## INTRODUCTION

Represented by counsel, Plaintiff Dwayne F. ("Plaintiff") commenced this action pursuant to Title II and Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his applications for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. 11; Dkt. 13). For the reasons discussed below, Plaintiff's motion (Dkt. 11) is granted to the extent that the matter is remanded for further administrative proceedings, and the Commissioner's motion (Dkt. 13) is denied.

## BACKGROUND

Plaintiff protectively filed his applications for SSI and DIB on March 5, 2013, and March 27, 2013, respectively. (Dkt. 5 at 28, 170-76).[1] In his applications, Plaintiff alleged disability beginning February 12, 2013. (Id. at 28, 170). Plaintiff's applications were initially denied on July 10, 2013. (Id. at 101-15). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Brian Kane in Rochester, New York, on February 26, 2015. (Id. at 46-72). On April 6, 2015, the ALJ issued an unfavorable decision. (Id. at 28-37). Plaintiff then requested review by the Appeals Council, which was denied on March 21, 2017, making the ALJ's determination the final decision of the Commissioner. (Id. at 7-11). Plaintiff appealed the decision to the United States District Court for the Western District of New York and on March 30, 2018, the matter was remanded for further administrative proceeding.

Another hearing was held before the same ALJ on July 25, 2019. (*Id*. at 539, 656-590). On September 3, 2019, the ALJ issued another unfavorable decision. (*Id*. at 539-557). Plaintiff requested review by the Appeals Council, which the Appeals Council denied on July 14, 2021, making the ALJ's determination the final decision of the Commissioner. (*Id.* at 530-33). This action followed.

---

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

## LEGAL STANDARD

**I.     District Court Review**

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).  However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**II.    Disability Determination**

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ determines whether the claimant is engaged in

substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id*. §§ 404.1509, 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id.* §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to

demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan,* 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

**I.     The ALJ's Decision**

In deciding whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation analysis and determined that Plaintiff met the insured status requirements of the Act through December 31, 2023. (Dkt. 5 at 541). He also determined that Plaintiff had not engaged in substantial gainful activity since February 12, 2013, the alleged onset date. (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairment of degenerative disc disease, with resultant low back pain. (*Id.* at 542). He found Plaintiff's migraines, gastro-esophageal reflux disease, sleep problems, and depression to be non-severe impairments. (*Id.*).

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 544). The ALJ particularly considered the criteria of the applicable sections of Listing 1.00 relating to Musculoskeletal System. (*Id.* at 544-45).

Before proceeding to step four, the ALJ concluded that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations:

> [H]e can lift and carry up to twenty pounds occasionally and up to ten pounds frequently. He can stand and/or walk for four hours in an eight-hour workday. He can sit for four hours in an eight-hour workday. He has to alternate to standing from a seated position every hour.

(*Id*. at 545).

At step four, the ALJ found that Plaintiff was able to perform his past relevant work as a fast-foods worker. (*Id.* at 554). Alternatively, at step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the occupations of laundry sorter and cleaner, housekeeping. (*Id.* at 556). Accordingly, the ALJ found that Plaintiff was not disabled from the alleged onset date through the date of his decision. (*Id.*).

## II.     Remand of this Matter for Further Proceedings is Necessary

Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner, arguing that (1) the case was adjudicated by an improperly appointed ALJ and should be remanded for a hearing with a different ALJ; and (2) the ALJ erred in determining Plaintiff's RFC and assessing the medical opinion evidence. (Dkt. 12 at 14-23). For the reasons set forth below, the Court finds that Plaintiff is entitled to a hearing with a new ALJ and this error necessitates remand for further proceedings.

In *Lucia v. S.E.C.*, __ U.S.__, 138 S. Ct. 2044 (2018), the Supreme Court held that SEC ALJs are "Officers of the United States," and as such they must be appointed by the procedures prescribed in Article II's Appointments Clause. *Id.* at 2051, 2053. In other words, an ALJ must be appointed by either the president, a court of law, or a head of

department. *See* U.S. Const. Art. II, § 2, cl. 2. The Supreme Court found that the SEC ALJs were not appropriately constitutionally appointed because SEC staff had hired them, and that the *Lucia* plaintiff had made a timely challenge to the validity of the ALJ's appointment. *Lucia*, 138 S. Ct. at 2055. Accordingly, the Court found the plaintiff was entitled to a new hearing. *Id.* The *Lucia* Court expressly specified that the ALJ presiding over the new hearing could not be the same ALJ hearing the first matter:

> That official cannot be Judge Elliot, even if he has by now received (or receives sometime in the future) a constitutional appointment. Judge Elliot has already both heard Lucia's case and issued an initial decision on the merits. He cannot be expected to consider the matter as though he had not adjudicated it before. To cure the constitutional error, another ALJ (or the Commission itself) must hold the new hearing to which Lucia is entitled.

*Id.* at 2055.

In response to the issuance of the *Lucia* decision, the Social Security Administration preemptively addressed the issue of its ALJ appointments through the Commissioner's ratification of the appointments. *See* Soc. Sec. Ruling 19-1p; Titles II and XVI: Effect of the Decision in Lucia v. Securities and Exchange Commission (SEC) On Cases Pending at the Appeals Council, 84 Fed. Reg. 9582, 2019 WL 1202036, at *9583 (15 Mar. 2019) ("To address any Appointments Clause questions involving Social Security claims, and consistent with guidance from the Department of Justice, on July 16, 2018 the Acting Commissioner of Social Security ratified the appointments of our ALJs and approved those appointments as her own. On the same day, the Acting Commissioner took the same actions with respect to the administrative appeals judges (AAJs) who work at the Appeals Council."). In its guidance, the Social Security Administration directed the Appeals

Council to vacate hearing decisions arising in timely raised Appointments Clause challenges and "remand the case to an ALJ other than the ALJ who issued the decision under review.'" *Id.*

In April of 2021, the Supreme Court decided *Carr v. Saul*, __ U.S. __, 141 S. Ct. 1352 (2021), and permitted Social Security claimants to raise challenges to whether the ALJs who heard their claims were properly appointed under the Appointments Clause, regardless of whether the claimant had preserved those matters for review by exhausting the issue at the administrative level. *Id.* at 1362. Specifically, the Supreme Court held that such challenges were timely raised for the first time on review of administrative decisions in federal court. *Id*.

Here, the parties do not dispute that ALJ Kane was not constitutionally appointed at the time of the February 26, 2015 hearing. They also do not dispute that his earlier decision was vacated by this Court in March of 2018, prior to the *Lucia* and *Carr* cases being decided, and the basis for remand was not an Appointments Clause challenge. Defendant argues that because Plaintiff did not raise an Appointments Clause challenge to the first decision, the subsequent appointment and ratification by Commissioner Berryhill served to cure any defect in the prior appointment. Defendant further argues that because the only hearing on review before the Court is the latter one, having the same ALJ presiding over Plaintiff's second hearing was constitutionally sound. To the contrary, Plaintiff argues, and the Court agrees, that the holdings in *Lucia* and *Carr* direct that the only proper remedy is to remand this matter for a new hearing with a different constitutionally appointed ALJ.

Defendant relies in part on *Camille B. v. Kijakazi*, No. 2:20CV262, 2021 WL 4205341, at *1 (E.D. Va. Sept. 15, 2021) in support of her argument that because the only decision under review is the 2019 decision, decided after the ALJ's appointment was ratified, "the ALJ's earlier issuance of a decision that was vacated by the Appeals Council did not establish an Appointments Clause violation." (Dkt. 13-1 at 8). But *Camille B.* was recently vacated and remanded by the Fourth Circuit in *Brooks v. Kijakazi*, 60 F.4th 735, 2023 WL 2147302 (4th Cir. Feb. 22, 2023).

In *Brooks,* the claimant appealed an ALJ's March 2018 decision rendered by an improperly appointed ALJ. *Id.* at *2. The Appeals Council vacated the decision and remanded for further proceedings, although the claimant "had not theretofore presented the Appeals Council with an Appointments Clause challenge, however, and the Council did not address the Appointments Clause issue or the Supreme Court's *Lucia* decision." *Id.* The same ALJ, who had been subsequently duly ratified by the Commissioner, conducted a second hearing on the claim. *Id.* The Fourth Circuit reversed the district court's rejection of the claimant's argument that a hearing with a new ALJ was warranted, holding that it "need not resolve the question of whether the 2019 ALJ decision was supported by substantial evidence" because that decision is "constitutionally infirm under *Lucia*." *Id.* at *4. It concluded that "[t]he Supreme Court made clear that if an ALJ makes a ruling absent a proper constitutional appointment, and if the claimant interposes a timely Appointments Clause challenge, the appropriate remedy is for the claim to be reheard before a new decisionmaker." *Id.* at * 7. The Ninth Circuit reached the same result on similar facts in *Cody v. Kijakazi*, 48 F.4th 956 (9th Cir. 2022), noting that "[a]n Appointments Clause

violation is thus no mere technicality or quaint formality—it weakens our constitutional design." *Id.* at 960, 963 ("We thus hold that claimants are entitled to an independent decision issued by a different ALJ if a timely challenged ALJ decision is 'tainted' by a pre-ratification ALJ decision.").

"The Second Circuit has not addressed the issue of whether *Lucia* and *Carr* require remand for rehearing before a different ALJ where, as here, remand for rehearing was based on a defect in the ALJ's first decision and the ALJ was properly appointed by the time of the second hearing." *Melissa L.R. v. Kijakazi*, No. 1:21-CV-00318(BKS), 2022 WL 3153937, at *3 (N.D.N.Y. Aug. 8, 2022). But district courts within the Second Circuit have applied reasoning similar to that applied by the Fourth and Ninth Circuits in finding that a different ALJ is required. *See id.* ("The Court finds those cases that hold that rehearing by the same ALJ, even if properly appointed, does not cure the Appointments Clause defect, to be more persuasive."). In *Misty D. v. Kijakazi*, No. 3:18-CV-206, 2022 WL 195066 (N.D.N.Y. Jan. 21, 2022), the court explained:

> In the present matter, since Plaintiff was not required to raise her Appointments Clause challenge before the SSA, it is not forfeited. Moreover, as the Commissioner concedes, ALJ Ramos was unconstitutionally appointed at the time he took testimony and rendered his first decision in 2016. See Tr. at 62, 81, 98. The subsequent attempt to cure that defect when Commissioner Berryhill reappointed all of the agency's ALJs did not cure that defect as the ALJ, having already heard the case, "cannot be expected to consider the matter as though he had not adjudicated it before." *Lucia*, 138 S. Ct. at 2055. As such, under *Lucia*, the only "'appropriate' remedy for [a claim] tainted with an appointments clause violation is a new 'hearing before a properly appointed official.'" *Id.* As such, the Court grants the portion of Plaintiff's motion for judgment on the pleadings seeking remand of this case for a new hearing with a different and constitutionally-appointed ALJ.

*Id.* at *3; *see also David F. v. Comm'r of Soc. Sec. Admin.,* No. 3:21CV00315(SALM), 2021 WL 5937670, at *5 (D. Conn. Dec. 16, 2021) ("Although the Second Circuit has yet to address this issue, several other district courts have rejected similar arguments by the Commissioner, finding that the issuance of a subsequent decision after the ALJ was properly appointed continued the prior constitutional violation rather than cured it."); *Mary D. v. Kijakazi*, No. 3:20-CV-656 (RAR), 2021 WL 3910003, at *11 (D. Conn. Sept. 1, 2021) (noting that while not resolving the question of whether a new ALJ was required, "to remedy any potential constitutional violation from the first administrative proceeding, the Court orders that this case be remanded to a different ALJ"); *Digiondomenico v. Kijakazi,* No. 1:22-CV-439, 2023 WL 2018910, at *4 (M.D. Pa. Feb. 15, 2023) ("However, we still believe that the better view, and the position that is more congruent with the Supreme Court's guidance, is the conclusion that remand to another ALJ is required."); *Michael D. v. Kijakazi*, No. 2:20-CV-12309, 2022 WL 3703206, at *6 (D.N.J. Aug. 26, 2022) ("After considering the arguments of the parties and the relevant caselaw, the Court is persuaded by the latter line of cases holding that a rehearing by the same ALJ—even if that ALJ had by that time been constitutionally appointed—does not cure the Appointments Clause defect present in the initial hearing conducted by or hearing decision issued by that same ALJ while improperly appointed."); *James R. v. Comm'r of Soc. Sec.*, No. C20-5632-SKV, 2021 WL 4520560, at *7 (W.D. Wash. Oct. 4, 2021) ("Thus, irrespective of her appointment status at the time of the 2019 hearing, ALJ Dantonio's participation in Plaintiff's administrative case continued — rather than cured — the constitutional violation attendant to the first decision.").

This Court similarly concludes here that "to cure the constitutional error," remand is warranted and Plaintiff is entitled to a new hearing with a different ALJ. *Lucia*, 138 S. Ct. at 2055. Plaintiff's motion is accordingly granted.

### III. Plaintiff's Remaining Argument

As set forth above, Plaintiff has identified an additional argument why he contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 13774790, at *23 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 11) is granted to the extent that the matter is remanded for further proceedings with a new ALJ. Defendant's motion for judgment on the pleadings (Dkt. 13) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:    March 17, 2023
         Rochester, New York